UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANNA MCDONALD                                                                                          PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:17-CV-652-DPJ-FKB

ALLSTAR RECOVERY, LLC, ET AL.                                                              DEFENDANTS

ORDER

Plaintiff seeks remand of this tort action stemming from the attempted repossession of her vehicle. Because the non-diverse Defendant, along with two other Defendants, were not involved in the events giving rise to suit, those Defendants are improperly joined. Diversity jurisdiction exists, and Plaintiff's motion to remand [5] is denied.

I.     Facts and Procedural History

Anna McDonald filed this suit in state court seeking damages for mental anguish, anxiety, and humiliation, she allegedly suffered when Defendants attempted to repossess her vehicle. Compl. [3-1] at 1–3.[1] It is undisputed that McDonald financed the vehicle, the installment agreement was assigned to Defendant Credit Acceptance, and Credit Acceptance referred the account for repossession. *See id.* at 2; Defs.' Mem. [10] at 2; Defs.' Resp. [9] at 3. The question is whether Defendants AllStar Recovery, LLC ("AllStar"), and its employees, Richard Harrigill and Sterling Gay, participated in the attempted repossession.

McDonald asserts that they did and says the presence of Mississippi resident Sterling Gay destroys diversity of citizenship. But Credit Acceptance says McDonald's account was referred to Brown & Associates Auto Recovery, Inc., for repossession, not AllStar. So, it argues these Defendants were not involved in the attempted repossession and are improperly joined. If

---

[1] The Complaint attached to the Notice of Removal [1] is missing page two.

correct, the remaining parties (McDonald and Credit Acceptance) are diverse, so diversity jurisdiction is proper. McDonald declined to file a reply in support of her motion to remand, and the time to do so has passed. Accordingly, the Court deems the motion fully briefed.

II.     Standard

Credit Acceptance premises federal jurisdiction on 28 U.S.C. § 1332, which gives the Court jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). That section requires complete diversity between "all persons on one side of the controversy [and] all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks and citations omitted). Here, the named parties are not completely diverse, but Credit Acceptance raises an exception to the complete-diversity rule: improper joinder.

The test for improper joinder "examine[s] if there is arguably a reasonable basis for predicting that the state law might impose liability [against the non-diverse defendant] on the facts involved." *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 223 (5th Cir. 2003). The Court "ordinarily resolve[s] an improper joinder claim by conducting a Rule 12(b)(6)-type analysis." *Gross v. Balt. Aircoil Co., Inc.*, No. 3:13-CV-423-DPJ-FKB, 2014 WL 1153706, at *2 (S.D. Miss. Mar. 21, 2014). On the other hand, in some cases, "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). This is such a case.

III. Analysis

McDonald alleges that AllStar, Harrigill, and Gay were involved in the attempted repossession on September 12, 2016, but Credit Acceptance produced undisputed evidence that McDonald misstated the facts. Specifically, Credit Acceptance says McDonald's account was assigned to a different repossession outfit, not AllStar.

First, Credit Acceptance submits the Declaration of Kelly Namel, a legal assistant with Credit Acceptance, who confirms that the account was referred to Brown & Associates Auto Recovery, Inc. ("Brown") for repossession on August 22, 2016. Namel Decl. [9-1] at 3. The account remained with Brown until September 14, 2016, but repossession was unsuccessful. *Id.* The account was never referred to AllStar. *Id.*

Paige Fox, General Manager of AllStar, also attests that no record of an assignment during the relevant time period exists in AllStar's system. Fox Aff. [9-3] at 2. Fox further states that no employee recalls working on the task of repossessing the vehicle. *Id.* at 3. And finally, Credit Acceptance includes affidavits from Defendants Richard Harrigill and Sterling Gay. Harrigill Aff. [9-4]; Gay Aff. [9-5]. Harrigill affirms that he did not receive an assignment to repossess the vehicle and did not participate in attempts to repossess the vehicle. Harrigill Aff. [9-4] at 2. Gay, an owner of AllStar, confirmed Fox's assessment that there was no record of an assignment to AllStar in its system and further says that she was not personally involved in the repossession of the vehicle in any way. Gay Aff. [9-5] at 2–3.

As McDonald declined to file a reply, these evidentiary submissions are uncontroverted. *See Michels v. Safeco Ins. Co. of Ind.*, 544 F. App'x 535, 539 (5th Cir. 2013) (holding that "plaintiff must produce at least some controverting evidence"), *abrogated on other grounds by Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193 (5th Cir. 2016);

3

*see also Anderson v. Ga. Gulf Lake Charles, LLC*, 342 F. App'x 911, 917 (5th Cir. 2009) (finding improper joinder based on defendant's affidavits denying involvement in accident and noting plaintiffs' failure to "submit any contradictory evidence"); *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 393 (5th Cir. 2000) ("We agree with the district court that, considering defendants' affidavits in light of the plaintiffs' lack of evidence, there is no reasonable basis for predicting that plaintiffs might establish liability in their conspiracy claim against the in-state defendants.") (internal quotations and citations omitted).

Based on these submissions, the Court finds McDonald misstated facts in her Complaint—specifically, the involvement of AllStar, Harrigill, and Gay in the attempted repossession. These Defendants are improperly joined and should be dismissed. *See Int'l Energy Ventures Mgmt., LLC*, 818 F.3d at 210 (holding that once a court determines that a party has been improperly joined, that party must be dismissed). Lastly, because Credit Acceptance and McDonald are diverse, federal jurisdiction is proper. McDonald's motion to remand is denied.

IV. Conclusion

The Court has considered all arguments raised by the parties; those not addressed would not have changed the outcome. Plaintiff's motion to remand [5] is denied, and Defendants AllStar Recovery, Richard Harrigill, and Sterling Gay are dismissed.[2]

**SO ORDERED AND ADJUDGED** this the 23rd day of October, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2] Defendant Gay separately moved to dismiss the Complaint against her, and Plaintiff did not respond in opposition. Because the Court finds Gay is improperly joined and should be dismissed, her motion is moot. *See id.* at 210 (noting that once district court found defendant was improperly joined, defendant's Rule 12(b)(6) motion to dismiss should be considered moot).